IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


DEQUANTEY MAURICE WILLIAMS,    )
                               )
        Petitioner,            )
                               )
     v.                        )          1:12CR110-1
                               )          1:14CV832
UNITED STATES OF AMERICA,      )
                               )
        Respondent.            )


**MEMORANDUM OPINION AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This Court (per United States District Judge Catherine C. Eagles) entered judgment against Petitioner imposing, inter alia, a term of imprisonment, as a result of his guilty plea to possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1).  (Docket Entry 25; see also Docket Entry 31 (Plea Transcript); Docket Entry 32 (Sentencing Transcript).)  The Fourth Circuit affirmed.  United States v. Williams, 577 F. App'x 177 (4th Cir. 2014).  Petitioner thereafter commenced this action by filing a pro se Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("Section 2255 Motion").  (Docket Entry 37.)  The United States responded (Docket Entry 39) and Petitioner replied (Docket Entry 43).  Petitioner also recently filed a "Motion to [sic] Leave to Amend and Supplement by Adding 'Descamps' under Fed. R. Proc. 15."  (Docket Entry 44.)  For the reasons that follow, the Court should deny relief.

Petitioner's Section 2255 Motion asserts two grounds for relief: 1) "Ineffective Assistance of Counsel" (Docket Entry 37, ¶ 12(Ground One)); and 2) "A.C.C. Enhancement" (id., ¶ 12(Ground Two)). Both grounds (and the proposed amendment) revolve around the same claim, i.e., that Petitioner's prior robbery convictions did not trigger the penalty provision of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). (See id., ¶ 12(Ground One)(a) ("Counsel provided ineffective assistance on the ground that he failed and refused to research and present evidence about the 'Arm [sic] Robbery' and 'Attempted Robbery' offenses which were part of a common scheme of plan and were consolidated by a formal consolidation order. These offenses were joined together under one indictment, were related under U.S.S.G. 4A1.1-2, as well as the Pre-Sentence report. Counsel also failed to fulfill his duty to investigate and research the 'common law robbery' offense which was part of an 'Alford plea' where [Petitioner] admitted no facts inherent in the conviction."), 12(Ground Two)(a) ("The 'Arm [sic] Robbery' and 'Attempted Robbery' offenses were joined together under one indictment, had a formal consolidation order, and were related under U.S.S.G. 4A1.1-2 and in the Pre-Sentence report. These offenses were part of a common scheme of plan. The common law robbery offense was pursuant to an Alford Plea."); see also id., attach. pp. 1-4 (jointly discussing Grounds One and Two); Docket Entry 44 at 1 (proposing to add argument that Petitioner's

"common law robbery [conviction] is ambiguous and not a qualifying predicate for the ACCA in light of [Descamps]").)

These claims lack merit. First, "§ 924(e) explicitly applies to defendants who 'committed three violent felonies on *occasions different from one another*.' 18 U.S.C. § 924(e) (emphasis added). Thus, what matters under § 924(e) is whether three violent felonies were committed on different occasions; whether they are considered 'related cases' under § 4A1.2 is irrelevant." United States v. Medina-Gutierrez, 980 F.2d 980, 983 (5th Cir. 1992) (internal brackets omitted), cited with approval, United States v. Hobbs, 136 F.3d 384, 388 (4th Cir. 1998); see also United States v. Norton, 584 F. App'x 158, 159 (4th Cir. 2014) ("[The defendant] contends that his two North Carolina common law robbery convictions should be counted as only one predicate offense for the purpose of the [ACCA] enhancement because they were part of a consolidated judgment. Although we held in United States v. Davis, 720 F.3d 215 (4th Cir. 2013), that a consolidated sentence for multiple North Carolina convictions is to be treated as a single sentence for purposes of the career offender enhancement, id. at 219, Davis does not apply in the context of the ACCA. We reiterate that 'nothing in § 924(e) or the Guidelines suggests that offenses must be tried or sentenced separately in order to be counted as separate predicate offenses,' and that 'the only requirement for applying the [ACCA] enhancement is that the predicate offenses be committed

3

on occasions different from one another.' United States v. Samuels, 970 F.2d 1312, 1315 (4th Cir. 1992) (internal quotation marks omitted)." (internal brackets omitted)).

Petitioner's Section 2255 Motion acknowledges that his attempted robbery with a dangerous weapon and robbery with a dangerous weapon convictions arose from offenses committed "5 days apart" (Docket Entry 37, attach. p. 4) and the judgment appended to his Section 2255 Motion further confirms that fact (see id., attach. p. 5). Accordingly, the Court properly treated those two prior offenses as ACCA predicates and Petitioner can show no prejudice from his counsel's decision not to pursue that matter (as required to establish ineffective assistance of counsel, see Strickland v. Washington, 466 U.S. 668, 687-94 (1984)).

Second, "[c]onvictions based on Alford-type pleas can be predicate convictions under the ACCA if the qualifying crime is inherent in the fact of the prior conviction — i.e., if the statute of conviction is categorically a 'violent felony' . . . ." United States v. McMurray, 653 F.3d 367, 381 (6th Cir. 2011); see also United States v. Mouzone, 687 F.3d 207, 221 (4th Cir. 2012) ("Citing our recent decision in United States v. Alston, 611 F.3d 219 (4th Cir. 2010), [the defendant] contends that the district court erred in applying the [ACCA] enhancement because the Maryland conviction on which it relied derived from an Alford plea. . . . In Alston, we considered whether a prosecutor's proffer of facts

4

from the transcript of an Alford plea proceeding could serve as sufficient proof that the assault to which the defendant pled guilty was an assault that qualified as a violent felony under the [ACCA]. Ultimately, we held that [it] was insufficient . . . because (1) the defendant did not admit to the facts, and (2) the proffered facts were not inherent in a Maryland conviction for second-degree assault. Notably, however, Alston does not categorically prohibit the use of a conviction obtained from an Alford plea as a predicate offense for [an ACCA] enhancement. . . . Here, the district court relied simply on the fact of conviction, not on the prosecutor's version of facts from the plea colloquy, to determine that [the] conviction qualified as a predicate offense . . . [and the conviction] involved [an] offense . . . [that] itself satisfied the requirement for a predicate offense, so there was no need to consider the underlying facts. For this reason, Alston has no bearing on this case." (internal citations and quotation marks omitted)).[1]

"As to common law robbery under North Carolina law, courts have consistently held both before and after Descamps that the common-law robbery statute . . . [is] countable [for ACCA purposes]

---

[1] Contrary to the position of Petitioner (see Docket Entry 37, attach. p. 3), for reasons well-explained by the United States (see Docket Entry 39 at 11-12), the decision in United States v. Davis, 679 F.3d 177 (4th Cir. 2012), does not prohibit the use of a conviction based on an Alford plea as an ACCA predicate.

5

. . . ." Caldwell v. United States, No. 3:14CV348MOC, 2014 WL 2986025, at *1 (W.D.N.C. July 2, 2014) (unpublished). In other words, "there is no ambiguity that all convictions for common law robbery under North Carolina [law] qualify under the ACCA as 'violent felonies' as all such convictions have as an essential element the taking from 'another by means of force or fear.'" Id. at *2. The Court thus did not err in counting Petitioner's common law robbery conviction as an ACCA predicate (even in light of Descamps), Petitioner suffered no prejudice when his counsel opted against objecting, and Petitioner's request to amend his Section 2255 Motion to rely on Descamps to contest the use of his common law robbery conviction as an ACCA predicate fails as futile.

In sum, Petitioner's claims do not warrant collateral relief.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Docket Entry 37) and his "Motion to [sic] Leave to Amend and Supplement by Adding 'Descamps' under Fed. R. Proc. 15" (Docket Entry 44) be denied without issuance of a certificate of appealability.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**
January 22, 2015